ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA           :      SEALED
                                          SUPERSEDING INDICTMENT
        - v. -                     :      S1 14 Cr. 144

LI FANGWEI,                        :
        a/k/a "Li Fang Wei,"
        a/k/a "Fangwei Li,"        :
        a/k/a "Karl Lee,"
        a/k/a "David Li,"          :
        a/k/a "Sunny Bai,"
        a/k/a "F.W. Li,"           :
        a/k/a "Patric,"
        a/k/a "Song Dahai,"        :
        a/k/a "Charles Lee,"
        a/k/a "Charles Li,"        :
        a/k/a "Li Wei,"
        a/k/a "KL,"                :

                Defendant.         :

- - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: APR 2 8 2014

## COUNT ONE
(Conspiracy to Violate IEEPA)

        The Grand Jury charges:

### OVERVIEW

        1.   LI FANGWEI, a/k/a "Li Fang Wei," a/k/a "Fangwei Li,"
a/k/a "Karl Lee," a/k/a "David Li," a/k/a "Sunny Bai," a/k/a "F.W.
Li," a/k/a "Patric," a/k/a "Song Dahai," a/k/a "Charles Lee," a/k/a
"Charles Li," a/k/a "Li Wei," a/k/a "KL," the defendant (hereinafter,
"LI FANGWEI"), is a national of the People's Republic of China.  LI
FANGWEI controls a large network of industrial companies based in
eastern China, one of which is LIMMT Economic and Trade Company, Ltd.

**JUDGE PRESKA**

("LIMMT").

2. Over the years, LI FANGWEI's companies have done a great deal of business with Iran. This business has included selling to Iranian entities various metallurgical goods and related components that are banned for transfer to Iran by, among others, the United Nations because the items are controlled by the Nuclear Supplier's Group (a multinational group that maintains "control lists," which identify nuclear-related dual-use equipment, material, and technology). LI FANGWEI has been, among other things, a long-time supplier to Iran's Defense Industries Organization and Iran's Aerospace Industries Organization. In addition, LI FANGWEI has been a principal contributor to Iran's ballistic missile program, through entities that have been sanctioned by the United States.

3. In light of his supply of closely controlled items to Iran, the United States has imposed targeted sanctions on both LI FANGWEI and LIMMT.

4. The United States Department of the Treasury's Office of Foreign Asset Controls ("OFAC") publicly added LIMMT (in 2006) and LI FANGWEI (in 2009) to its List of Specially Designated Nationals and Blocked Persons (the "SDN List"). By virtue of their inclusion on the SDN List, LI FANGWEI and LIMMT were effectively precluded from conducting any business within the United States without first obtaining a license or authorization from OFAC. Neither LI FANGWEI

nor LIMMT has sought such a license or authorization.

5.   The above-referenced restrictions have forced LI
FANGWEI to operate much of his business covertly.  In response to
United States sanctions, LI FANGWEI has built an outsized network
of front companies - to conceal his continuing participation, and
LIMMT's continuing participation, in sanctioned activities.  The
front companies are listed in Exhibit A to this Indictment.  As shown
in Exhibit A, many of those front companies have used the same address
as LIMMT, or a close variant thereof.

6.   The listed front companies have for years been used
by LI FANGWEI to funnel money through the United States financial
system and/or to conduct direct transactions with Iran.  Front
companies controlled by LI FANGWEI have allowed LI FANGWEI and LIMMT
illegally and covertly to move millions of dollars through United
States banks.  These front company transactions were designed to
evade the sanctions imposed on LI FANGWEI and LIMMT - and they have
permitted LI FANGWEI to continue conducting business
internationally, including with entities in Iran, despite United
States sanctions.

7.   During the period from 2006 through to the present,
LI FANGWEI has used front companies to engage in more than **165**
separate U.S. dollar transactions, with a total value in excess of
approximately $8.5 million dollars.

## RELEVANT STATUTES

8.    The International Emergency Economic Powers Act ("IEEPA"), Title 50, United States Code, Sections 1701-1706, authorized the President of the United States to impose economic sanctions in response to an unusual or extraordinary threat to the national security, foreign policy, or economy of the United States when the President declares a national emergency with respect to that threat.

9.    On November 14, 1994, the President issued Executive Order 12938, finding "that the proliferation of nuclear, biological, and chemical weapons ('weapons of mass destruction') and of the means of delivering such weapons, constitutes an unusual and extraordinary threat to the national security, foreign policy, and economy of the United States, and [declaring] a national emergency to deal with that threat."

10.    Thereafter, on June 28, 2005, the President issued Executive Order 13382 to target proliferators of weapons of mass destruction ("WMDs") and their support networks and deny designated WMD proliferators access to the United States financial and commercial systems.  Pursuant to that authority, the Secretary of Treasury promulgated the "Weapons of Mass Destruction Proliferators Sanctions Regulations" (the "WMD Sanctions Regulations"), 31 C.F.R. § 544.201 et seq., which authorized OFAC to sanction individuals and

entities facilitating the proliferation of WMDs by placing such individuals or entities on the SDN List, 31 C.F.R. § 544.201(a)(2).

11.   The WMD Sanctions Regulations prohibited transactions or dealings by any United States person or within the United States with individuals and entities who have been placed on the SDN list, except as authorized or licensed by OFAC, 31 C.F.R. § 544.201(b).   The WMD Sanctions Regulations also prohibited any transaction by a United States person or within the United States that evades or avoids, or has the purpose of evading or avoiding, any of the prohibitions set forth in the WMD Sanctions Regulations, 31 C.F.R. § 544.205.   Similarly, the WMD Sanctions Regulations and the SDN listing have the effect of preventing United States persons from providing any financial or other services to a person or entity on the SDN List, pursuant to 31 C.F.R. § 544.405.

12.   In addition to the WMD Sanctions Regulations, on March 15, 1995, the President issued Executive Order 12957 finding that "the actions and policies of the Government of Iran constitute an unusual and extraordinary threat to the national security, foreign policy, and economy of the United States" and declaring "a national emergency to deal with that threat."   Pursuant to that executive Order, which was expanded and continued by Executive Orders 12959, 13059, 13553, and 13357, OFAC has issued the Iranian Transactions and Sanctions Regulations ("ITSR," and collectively with the WMD

5

Sanctions Regulations the "OFAC Sanctions"), 31 C.F.R. § 560, which, among other things, prohibit the use of United States financial institutions to facilitate transactions with and/or provide services to Iran-based entities.

## THE CONSPIRACY SYSTEMATICALLY TO EVADE OFAC SANCTIONS AND VIOLATE IEEPA

13.   From at least in or about 2006, up to and including the date of the filing of this Indictment, in the Southern District of New York and elsewhere, LI FANGWEI, a/k/a "Li Fang Wei," a/k/a "Fangwei Li," a/k/a "Karl Lee," a/k/a "David Li," a/k/a "Sunny Bai," a/k/a "F.W. Li," a/k/a "Patric," a/k/a "Song Dahai," a/k/a "Charles Lee," a/k/a "Charles Li," a/k/a "Li Wei," a/k/a "KL," the defendant, and others known and unknown, knowingly and willfully did combine, conspire, confederate, and agree together and with each other to violate, and to cause a violation of, licenses, orders, regulations, and prohibitions issued under the International Emergency Economic Powers Act, Title 50, United States Code, Sections 1701 to 1706, and Parts 544 and 560 of Title 31, Code of Federal Regulations.

14.   It was a part and an object of the conspiracy that LI FANGWEI, a/k/a "Li Fang Wei," a/k/a "Fangwei Li," a/k/a "Karl Lee," a/k/a "David Li," a/k/a "Sunny Bai," a/k/a "F.W. Li," a/k/a "Patric," a/k/a "Song Dahai," a/k/a "Charles Lee," a/k/a "Charles Li," a/k/a "Li Wei," a/k/a "KL," the defendant, and others known and unknown, would and did evade and avoid, and have the purpose of evading and

avoiding, and would and did violate and attempt to violate, and cause

a violation of, the prohibitions contained in Executive Order 13382

and regulations promulgated thereunder, including: (a) to evade and

avoid the prohibitions and restrictions imposed by OFAC on LIMMT,

LI FANGWEI, and several of LI FANGWEI's front companies as

proliferators of weapons of mass destruction; (b) to make a

contribution and provision of funds, goods, and services to and for

the benefit of any individual and entity whose property and interests

have been blocked as a proliferator of weapons of mass destruction

by OFAC, namely LIMMT, LI FANGWEI, and their related front companies;

and (c) to receive a contribution and provision of funds, goods, and

services from any individual and entity whose property and interests

have been blocked as a proliferator of weapons of mass destruction

by OFAC, namely LIMMT, LI FANGWEI, and their related front companies,

to wit, LI FANGWEI used aliases and fictitious business names to

conceal the beneficiaries of electronic wire transfers of funds that

passed through bank accounts in the United States, knowing that such

beneficiaries had been identified as Specially Designated Nationals

by OFAC in violation of Title 50, United States Code, Sections 1701

to 1706, and Title 31, Code of Federal Regulations, Sections 544.201

and 544.205.

15.   It was a further part and object of the conspiracy

that LI FANGWEI, a/k/a "Li Fang Wei," a/k/a "Fangwei Li," a/k/a "Karl

Lee," a/k/a "David Li," a/k/a "Sunny Bai," a/k/a "F.W. Li," a/k/a "Patric," a/k/a "Song Dahai," a/k/a "Charles Lee," a/k/a "Charles Li," a/k/a "Li Wei," a/k/a "KL," the defendant, would and did export, reexport, sell, and supply, and cause to be exported, reexported, sold, and supplied, directly and indirectly, from the United States to Iran, goods, technology, and services, to wit, LI FANGWEI caused electronic wire transfers of funds through United States financial institutions to facilitate the provision of goods and services to customers located in Iran, without obtaining the required approval of OFAC, in violation of Title 50, United States Code, Sections 1701 to 1706, and Title 31, Code of Federal Regulations, Sections 560.203 and 560.204.

### LI FANGWEI's Use of Front Companies to Deal Covertly with Iranian Entities

16.   For many years, LI FANGWEI's companies openly conducted business with several Iran-based entities.  However, after the United States publicly sanctioned LI FANGWEI and LIMMT, LI FANGWEI essentially has gone underground – continuing to deal with Iran, but now not directly through LIMMT, but rather through a wide variety of front companies.

17.   For example, during late 2011, LI FANGWEI visited a manufacturing plant in China (the "Chinese Manufacturer") with several Iranians.  The purpose of the visit was to inspect the facilities of the Chinese Manufacturer in connection with a

contemplated transaction involving machinery used to produce aramid fiber.[1]  LI FANGWEI entered into a contract in which the Chinese Manufacturer agreed to provide an aramid fiber production line to one of LI FANGWEI's front companies, Dalian Zenghua Trading Co., Ltd., in exchange for the equivalent of $644,734.  LI FANGWEI would then make arrangements to transport the aramid fiber production line to an Iran-based company ("Iranian Company-1").  After the contract between Dalian Zenghua Trading Co., Ltd., and the Chinese Manufacturer was signed, LI FANGWEI used a bank account previously associated with another one of his front companies, Karat Industry Co., Ltd., to transmit the down-payment for Iranian Company-1's aramid fiber production line to a bank account in the name of the Chinese Manufacturer.

18.  In a similar vein, during the period from December 2010, up to and including February 2013, LI FANGWEI used two separate front companies, Sinotech (Dalian) Carbon & Graphite Manufacturing Corporation and Dalian Zhongchuang Char-White Co., Ltd., to send at least 23 separate shipments to Iran.  For example:

a.  In January 2010, LI FANGWEI used an account with an international courier (the "Courier") in the name of his front

_____

1 Aramid fibers are used in, among other things, ballistic missiles and gas centrifuges used in uranium enrichment.  In 2010, the United Nations Security Council banned the transfer of certain items to Iran, including particular specifications of aramid "fibrous or filamentary materials."

company, Dalian Zhongchuang Char-White Co., Ltd., to send "samples for testing" to an Iran-based procurement agent ("Iranian Procurement Agent-A").  The invoice associated with the January 2010 shipment was issued by another one of LI FANGWEI's front companies, Ara Steel Mills Company.

        b.   In January, February, and October 2010, LI FANGWEI, used that same front company account with the Courier to send a "sample for testing" and other items to two different Iran-based procurement agents ("Iranian Procurement Agent-B" and "Iranian Procurement Agent-C," respectively).  The invoices associated with those shipments were issued in the name of three LI FANGWEI front companies: Ara Steel Mills Company, TA Industry Co, and Abo Trading Co., Ltd.

        c.   In September 2011, LI FANGWEI used a different account with the Courier, in the name of another one of his front companies, Sinotech (Dalian) Carbon & Graphite Manufacturing Corporation, to send additional "samples" to Iranian Procurement Agent-B.  The invoice associated with the September 2011 shipment was issued in the name of another LI FANGWEI front company, Sinotech Industry Co., Ltd.

        19.   Some additional examples of LI FANGWEI's recent dealings with Iran include:

        a.   In February 2010, LI FANGWEI sent Iranian

Procurement Agent-A two separate invoices addressed to Iranian Company-2, each of which reflected the sale of 20,000 kilograms of cold-drawn seamless steel pipes.  The invoices were issued in the name of one of LI FANGWEI's front companies, MMN Industry Corporation.

b.   In January 2008, LI FANGWEI sent Iranian Procurement Agent-B an invoice addressed to Iranian Company-3 for the sale of 1,300 aluminum alloy tubes.  The invoice was issued in the name of one of LI FANGWEI's front companies, SC (Dalian) Industry & Trade Co., Ltd.

c.   In June 2008, LI FANGWEI sent Iranian Procurement Agent-B an invoice for the sale of 24,500 kilograms of maraging steel rods to Iranian Company-4 – a special class of high-strength steel which can be used in the development of gas centrifuges for uranium enrichment.  The invoice was issued in the name of one of LI FANGWEI's front companies, SC (Dalian) Industry & Trade Co., Ltd.


## LI FANGWEI's Use of Front Companies to Funnel Commercial Transactions Covertly – and Illegally – Through United States Financial Institutions

20.   The WMD Sanctions Regulations imposed beginning in June 2006 made it difficult for LI FANGWEI to do business with international suppliers and customers through his principal company,

LIMMT.   This was because, once sanctioned by OFAC, neither LI FANGWEI nor LIMMT were generally permitted to engage in any commercial transactions with United States persons or entities – and were prohibited from using the United States financial system to conduct any transactions, including sending or receiving payment for goods.

21.   This latter limitation, on access to the United States banking system, had an especially powerful impact.   In the context of international commerce, contracts often specify that payments are to be made in United States currency.   In turn, U.S. dollar-denominated transactions are often "cleared" through banks in the United States.   Consistent with this practice, several of LI FANGWEI's international contracts called for payment in U.S. dollars and specified particular United States financial institutions located in New York.   Such transactions therefore had in the ordinary course to be cleared through "correspondent" banks in the United States.   But OFAC's designation of LIMMT and LI FANGWEI – and ultimately several of LI FANGWEI's front companies as well – prohibited LI FANGWEI or his companies from making use of the United States financial system.

22.   To evade this limitation, LI FANGWEI turned to front companies to conceal the role of LI FANGWEI or LIMMT in any given transaction.

23.   For example, in or about April 2009 – approximately

12

three days after he was designated by OFAC - LI FANGWEI sent an email
to a long-time LIMMT customer, which stated: "Kindly be informed that
please do NOT transfer the money of payment to our last account no.,
which is not used any more from today , we shall inform you our new
account no to receive the payment later."  Subsequent to this email,
LI FANGWEI engaged in additional commercial transactions using U.S.
dollars with that customer using the names of other of LI FANGWEI's
front companies.

     24.   To cite another example, in his dealings with a single
customer during the period from 2007 up to and including 2012, LI
FANGWEI used five different front companies - Wealthy Ocean
Enterprises Ltd., Ansi Metallurgy Industry Co., Ltd., ABC Metallurgy
Limited, Sinotech Industry Co., Ltd., and Success Move Limited.

     25.   LI FANGWEI made especially extensive use of using one
of his front companies, Sinotech Metallurgy & Minmetals Co., Ltd.
Using this particular front company, LI FANGWEI worked to evade
sanctions by engaging in at least 35 separate U.S.-dollar
transactions, the proceeds of which were transferred through United
States financial institutions.  Those U.S.-dollar transactions
totaled more than $2,400,000 in United States currency.

     26.   Over time, various entities began to suspect that
Sino Metallurgy and Minmetals Industry Co., Ltd. was a front company
being used by LI FANGWEI.  But when U.S. banks declined to facilitate

payments being made to Sino Metallurgy and Minmetals Industry Co., Ltd., LI FANGWEI simply directed companies that LIMMT had contracted with to send funds through *other* U.S. banks – and to *other* LI FANGWEI front companies, including Blue Sky Industry Corporation; Wealthy Ocean Enterprises Ltd.; Sinotech Industry Co., Ltd.; and MTTO Industry & Trade Limited.  Using this secondary set of front companies, LI FANGWEI was able to cause additional millions of dollars, and scores of electronic wire transfers, to be illegally pushed through the United States banking system.

27.   The illegal methods described above have also been used to facilitate transactions with Iranian entities.  Thus, for example, during 2010 and 2011, LI FANGWEI engaged in at least four separate transactions with a particular Iran-based company ("Iranian Company-5").  The contracts for each of those four transactions were denominated in U.S. dollars, and LI FANGWEI directed Iranian Company-5 to remit payment for these transactions to two different front companies – Sinotech Industry Co., Ltd. and Success Move Limited.  In this manner, LI FANGWEI successfully used the U.S. financial system in order to obtain goods for Iran, in contravention of both the WMD Sanctions Regulations and the ITSR, and to cause the transmission of more than $208,300 in United States currency from Iranian Company-5, through multiple New York banks, to a Chinese bank account ultimately controlled by LI FANGWEI.  Moreover, recognizing

that an Iranian entity would be prohibited from using the U.S. banking system, LI FANGWEI agreed that the payments from Iranian Company-5 would appear to originate from a so-called "exchange house," *i.e.*, an entity operating outside of Iran on behalf of an Iran-based entity, thereby making it appear as if the wire transfer had come from a customer and a bank located in a country other than Iran.

## OVERT ACTS

28.   In furtherance of the conspiracy and to effect the illegal objects thereof, LI FANGWEI, a/k/a "Li Fang Wei," a/k/a "Fangwei Li," a/k/a "Karl Lee," a/k/a "David Li," a/k/a "Sunny Bai," a/k/a "F.W. Li," a/k/a "Patric," a/k/a "Song Dahai," a/k/a "Charles Lee," a/k/a "Charles Li," a/k/a "Li Wei," a/k/a "KL," the defendant, and others known and unknown, committed the following overt acts in the Southern District of New York and elsewhere:

a.   On or about February 7, 2011, LI FANGWEI caused an electronic wire transfer of funds in the amount of approximately $55,605.00 to be transferred from Iranian Company-5 – using an "exchange house" – through a particular U.S.-based financial institution, which was located in New York, New York ("Financial Instition-1") to a bank account controlled by LI FANGWEI in the People's Republic of China in the name of Sinotech Industry Co., Ltd., to facilitate the provision of goods to Iranian Company-5.

b.     On or about August 25, 2011, LI FANGWEI caused an electronic wire transfer of funds in the amount of approximately $52,401.91, to be transferred through a particular U.S.-based financial institution, which was located in New York, New York ("Financial Instition-2"), to a bank account controlled by LI FANGWEI in the People's Republic of China in the name of Success Move Limited.

c.     On or about April 2, 2009, LI FANGWEI caused an electronic wire transfer of funds in the amount of approximately $52,443.63, to be transferred through a particular U.S.-based financial institution, which was located in New York, New York ("Financial Instition-3"), to a bank account controlled by LI FANGWEI in the People's Republic of China in the name of ABC Metallurgy Limited.

d.     On or about August 9, 2010, LI FANGWEI caused an electronic wire transfer of funds in the amount of approximately $31,914.00 to be transferred from Iranian Company-5 – using an "exchange house" –through Financial Institution-4 to a bank account controlled by LI FANGWEI in the People's Republic of China in the name of Sinotech Industry Co., Ltd., to facilitate the provision of goods to Iranian Customer-5.

e.     On or about March 7, 2011, LI FANGWEI caused an electronic wire transfer of funds in the amount of approximately $16,062.50 to be transferred through Financial Institution-1 from

16

a bank account controlled by LI FANGWEI in the People's Republic of China in the name of Success Move Limited into a bank account controlled by China North Chemical Industries Co., Ltd.

       f.   On or about July 26, 2011, LI FANGWEI caused an electronic wire transfer of funds in the amount of approximately $60,725.00 to be transferred from Iranian Company-5 – using an "exchange house" –through Financial Institution-3 to a bank account controlled by LI FANGWEI in the People's Republic of China in the name of Success Move Limited, to facilitate the provision of goods to Iranian Customer-5.

       g.   On or about October 11, 2011, LI FANGWEI caused a contract in the name of MTTO Industry & Trade Limited to be sent to a U.S.-based company ("U.S. Company-1").

       h.   In or about December 2011, LI FANGWEI caused a company in the United States ("U.S. Company-2") to issue a price quotation for 5 kilograms of Hafnium Diboride ($HfB_2$) 325 Mesh powder.

       i.   In or about January 2012, LI FANGWEI caused approximately 20 metric tons of graphite to be sold to U.S. Company-1 and imported into the United States.

       j.   In or about February 2012, LI FANGWEI caused over 600 graphite rods to be sold to U.S. Company-1 and imported into the United States.

17

k.   In or about February 2012, LI FANGWEI caused an electronic wire transfer of funds in the amount of approximately $71,374.18 to be transferred from U.S. Company-1 through a particular U.S.-based financial institution, which was located in New York, New York ("Financial Instition-6") to a bank account used by LI FANGWEI in the name of "MTTO Industry Trade Ltd."

l.   On or about February 16, 2012, LI FANGWEI caused an electronic wire transfer of funds in the amount of approximately $34,644.27 to be transferred through Financial Institution-3 to a bank account controlled by LI FANGWEI in the People's Republic of China in the name of "Karat Industry Co."

m.   In or about January 2013, LI FANGWEI caused a company located in the United Arab Emirates to issue an invoice to Sinotech (Dalian) Carbon and Graphite Manufacturing Corporation for a purchase of graphite electrodes in exchange for $1,145,000.00 in United States currency.

n.   On or about February 19, 2013, LI FANGWEI caused an electronic wire transfer of funds in the amount of approximately $400,000.00 to be transferred through a particular U.S.-based financial institution, which was located in New York, New York ("Financial Institution-7"), to a bank account controlled by LI FANGWEI in the People's Republic of China in the name of Tereal Industry and Trade Limited.

18

o.    During the period from 2010 to 2013, LI FANGWEI repeatedly traveled to Iran for extended periods of time to confer with Iranian individuals and/or entities for business-related purposes.

(Title 50, United States Code, Section 1705(a) and (c).)

<u>COUNT TWO</u>
(First Substantive IEEPA Violation)

The Grand Jury further charges:

29.    In or about January 2012, in the Southern District of New York and elsewhere, LI FANGWEI, a/k/a "Li Fang Wei," a/k/a "Fangwei Li," a/k/a "Karl Lee," a/k/a "David Li," a/k/a "Sunny Bai," a/k/a "F.W. Li," a/k/a "Patric," a/k/a "Song Dahai," a/k/a "Charles Lee," a/k/a "Charles Li," a/k/a "Li Wei," a/k/a "KL," the defendant, willfully and knowingly, did engage in transactions that evaded and avoided, and had the purpose of evading and avoiding, the prohibitions contained in Executive Order 13382 and regulations promulgated thereunder imposed by OFAC on LIMMT, LI FANGWEI, and several of LI FANGWEI's front companies as proliferators of weapons of mass destruction, to wit, LI FANGWEI caused approximately 20 metric tons of graphite to be sold to U.S. Company-1 and imported into the United States, without prior authorization from OFAC.

(Title 50, United States Code, Section 1705(a) and (c); Title 18, United States Code, Section 2; Title 31, Code of Federal Regulations, Parts 544.201 and 544.205.)

## COUNT THREE
(Substantive IEEPA Violation)

The Grand Jury further charges:

30.   In or about February 2012, in the Southern District of New York and elsewhere, LI FANGWEI, a/k/a "Li Fang Wei," a/k/a "Fangwei Li," a/k/a "Karl Lee," a/k/a "David Li," a/k/a "Sunny Bai," a/k/a "F.W. Li," a/k/a "Patric," a/k/a "Song Dahai," a/k/a "Charles Lee," a/k/a "Charles Li," a/k/a "Li Wei," a/k/a "KL," the defendant, willfully and knowingly, did engage in transactions that evaded and avoided, and had the purpose of evading and avoiding, the prohibitions contained in Executive Order 13382 and regulations promulgated thereunder imposed by OFAC on LIMMT, LI FANGWEI, and several of LI FANGWEI's front companies as proliferators of weapons

20

of mass destruction, to wit, LI FANGWEI caused over 600 graphite rods to be sold to U.S. Company-1 and imported into the United States.

(Title 50, United States Code, Section 1705(a) and (c); Title 18, United States Code, Section 2; Title 31, Code of Federal Regulations, Parts 544.201 and 544.205.)

## COUNT FOUR
(The Money Laundering Conspiracy)

The Grand Jury further charges:

31.   The allegations set forth in paragraphs 1 through 12, and paragraphs 16 through 28, are incorporated by reference herein as if set forth here in full.

32.   From at least in or about 2006, up to and including the date of the filing of this Indictment, in the Southern District of New York and elsewhere, LI FANGWEI, a/k/a "Li Fang Wei," a/k/a "Fangwei Li," a/k/a "Karl Lee," a/k/a "David Li," a/k/a "Sunny Bai," a/k/a "F.W. Li," a/k/a "Patric," a/k/a "Song Dahai," a/k/a "Charles Lee," a/k/a "Charles Li," a/k/a "Li Wei," a/k/a "KL," the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Sections 1956(a)(2)(A) and 1957.

33.   It was a part and an object of the conspiracy that LI FANGWEI, a/k/a "Li Fang Wei," a/k/a "Fangwei Li," a/k/a "Karl Lee," a/k/a "David Li," a/k/a "Sunny Bai," a/k/a "F.W. Li," a/k/a "Patric," a/k/a "Song Dahai," a/k/a "Charles Lee," a/k/a "Charles Li," a/k/a

"Li Wei," a/k/a "KL," the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, monetary instruments and funds to places in the United States from and through places outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, illegal transactions with individuals and entities designated as prohibited persons on the SDN List by OFAC in violation of Title 50, United States Code, Section 1705 and regulations promulgated thereunder, in violation of Section 1956(a)(2)(A) of Title 18, United States Code.

34.   It was a further part and object of the conspiracy that LI FANGWEI, a/k/a "Li Fang Wei," a/k/a "Fangwei Li," a/k/a "Karl Lee," a/k/a "David Li," a/k/a "Sunny Bai," a/k/a "F.W. Li," a/k/a "Patric," a/k/a "Song Dahai," a/k/a "Charles Lee," a/k/a "Charles Li," a/k/a "Li Wei," a/k/a "KL," the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, would and did knowingly engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, to wit, the illegal use of U.S. financial institutions to provide goods and services to customers located in Iran, in violation of Title 50, United States Code, Section 1705 and regulations promulgated

thereunder, in violation of Section 1957 of Title 18, United States Code.

## OVERT ACTS

35.   In furtherance of the conspiracy and to effect the illegal objects thereof, LI FANGWEI, a/k/a "Li Fang Wei," a/k/a "Fangwei Li," a/k/a "Karl Lee," a/k/a "David Li," a/k/a "Sunny Bai," a/k/a "F.W. Li," a/k/a "Patric," a/k/a "Song Dahai," a/k/a "Charles Lee," a/k/a "Charles Li," a/k/a "Li Wei," a/k/a "KL," the defendant, and others known and unknown, committed the overt acts described in paragraph 28 above, and incorporated by reference herein as if set forth here in full.

(Title 18, United States Code, Section 1956(h).)

## COUNT FIVE
(The Wire and Bank Fraud Conspiracies)

The Grand Jury further charges:

36.   The allegations set forth in paragraphs 1 through 12 and paragraphs 16 through 28 are incorporated by reference herein as if set forth here in full.

37.   From at least in or about 2006, up to and including the date of the filing of this Indictment, in the Southern District of New York and elsewhere, LI FANGWEI, a/k/a "Li Fang Wei," a/k/a "Fangwei Li," a/k/a "Karl Lee," a/k/a "David Li," a/k/a "Sunny Bai," a/k/a "F.W. Li," a/k/a "Patric," a/k/a "Song Dahai," a/k/a "Charles Lee," a/k/a "Charles Li," a/k/a "Li Wei," a/k/a "KL," the defendant,

and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to violate Sections 1343 and 1344 of Title 18, United States Code.

38.   It was a part and an object of the conspiracy that LI FANGWEI, a/k/a "Li Fang Wei," a/k/a "Fangwei Li," a/k/a "Karl Lee," a/k/a "David Li," a/k/a "Sunny Bai," a/k/a "F.W. Li," a/k/a "Patric," a/k/a "Song Dahai," a/k/a "Charles Lee," a/k/a "Charles Li," a/k/a "Li Wei," a/k/a "KL," the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, to wit, a scheme in which LI FANGWEI used a network of front companies to conduct U.S. dollar transactions through financial institutions in the form of U.S.-based correspondent banks, in contravention of IEEPA and the WMD Sanctions Regulations imposed against him, by concealing the true nature of his involvement in the transaction from both the U.S.-based correspondent banks and the United States regulators, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, LI FANGWEI caused more than $8.5 million to be

transferred using a series of front companies as described in the table in Exhibit B, from outside the United States and through financial institutions located in the Southern District of New York and elsewhere, in violation of Title 18, United States Code, Section 1343.

39.   It was a further part and an object of the conspiracy that LI FANGWEI, a/k/a "Li Fang Wei," a/k/a "Fangwei Li," a/k/a "Karl Lee," a/k/a "David Li," a/k/a "Sunny Bai," a/k/a "F.W. Li," a/k/a "Patric," a/k/a "Song Dahai," a/k/a "Charles Lee," a/k/a "Charles Li," a/k/a "Li Wei," a/k/a "KL," the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, to wit, a scheme in which LI FANGWEI entered into multiple transactions with U.S. Company-1, in contravention of IEEPA and the WMD Sanctions Regulations imposed against him, by concealing the true nature of his involvement in the transaction from both U.S. Company-1 and the United States regulators, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, LI FANGWEI caused approximately $128,978.28 to be transferred using front companies, from inside the

United States to outside of the United States, through banks located in the Southern District of New York and elsewhere, in violation of Title 18, United States Code, Section 1343.

40.   It was a further part and an object of the conspiracy that LI FANGWEI, a/k/a "Li Fang Wei," a/k/a "Fangwei Li," a/k/a "Karl Lee," a/k/a "David Li," a/k/a "Sunny Bai," a/k/a "F.W. Li," a/k/a "Patric," a/k/a "Song Dahai," a/k/a "Charles Lee," a/k/a "Charles Li," a/k/a "Li Wei," a/k/a "KL," the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, to wit, a scheme in which LI FANGWEI engaged with Iranian Company-5 in commercial transactions through United States based financial institutions in contravention of IEEPA and the ITSR, by concealing the true nature of Iran Company-5's and LI FANGWEI's involvement in the transactions from both the United States financial institutions and the United States regulators, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, LI FANGWEI caused approximately five separate wire transfers using front companies, from inside the United States to outside of the United States, through banks located in the

Southern District of New York and elsewhere, in violation of Title
18, United States Code, Section 1343.

41.   It was a further part and an object of the conspiracy
that LI FANGWEI, a/k/a "Li Fang Wei," a/k/a "Fangwei Li," a/k/a "Karl
Lee," a/k/a "David Li," a/k/a "Sunny Bai," a/k/a "F.W. Li," a/k/a
"Patric," a/k/a "Song Dahai," a/k/a "Charles Lee," a/k/a "Charles
Li," a/k/a "Li Wei," a/k/a "KL," the defendant, and others known and
unknown, willfully and knowingly, did execute and attempt to execute
a scheme and artifice to defraud financial institutions, the deposits
of which were then insured by the Federal Deposit Insurance
Corporation, and to obtain the moneys, funds, credits, assets,
securities, and other property owned by, and under the custody and
control of, such financial institutions by means of false and
fraudulent pretenses, representations, and promises, to wit, LI
FANGWEI used a network of front companies to conduct U.S. dollar
transactions through financial institutions in the form of
U.S.-based correspondent banks, in contravention of IEEPA and the
WMD Sanctions Regulations imposed against him, by concealing the true
nature of his involvement in the transaction from both the financial
institutions, in violation of Title 18, United States Code, Section
1344.

## OVERT ACTS

42.   In furtherance of the conspiracy and to effect the

illegal objects thereof, LI FANGWEI, a/k/a "Li Fang Wei," a/k/a
"Fangwei Li," a/k/a "Karl Lee," a/k/a "David Li," a/k/a "Sunny Bai,"
a/k/a "F.W. Li," a/k/a "Patric," a/k/a "Song Dahai," a/k/a "Charles
Lee," a/k/a "Charles Li," a/k/a "Li Wei," a/k/a "KL," the defendant,
and others known and unknown, committed the overt acts described in
paragraph 28 above, and incorporated by reference herein as if set
forth here in full.

(Title 18, United States Code, Section 1349.)

## COUNT SIX
(First Substantive Count of Wire Fraud)

The Grand Jury further charges:

43.   From at least in or about 2006, up to and including
the date of the filing of this Indictment, in the Southern District
of New York and elsewhere, LI FANGWEI, a/k/a "Li Fang Wei," a/k/a
"Fangwei Li," a/k/a "Karl Lee," a/k/a "David Li," a/k/a "Sunny Bai,"
a/k/a "F.W. Li," a/k/a "Patric," a/k/a "Song Dahai," a/k/a "Charles
Lee," a/k/a "Charles Li," a/k/a "Li Wei," a/k/a "KL," the defendant,
willfully and knowingly, having devised and intending to devise a
scheme and artifice to defraud, and for obtaining money and property
by means of false and fraudulent pretenses, representations and
promises, to wit, a scheme in which LI FANGWEI used aliases and front
companies to conduct transactions in United States currency through
U.S.-based financial institutions, in contravention of IEEPA and the
WMD Sanctions imposed against him, by concealing the true nature of

28

his involvement in the transaction from both the financial institutions and United States regulators, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, on the dates set forth in Exhibit B, LI FANGWEI, acting through a series of front companies, made and caused to be made the electronic funds transfers described in the table in Exhibit B, which transfers were cleared through banks located in New York, New York, to bank accounts controlled by LI FANGWEI and/or LIMMT in China.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT SEVEN
(Second Substantive Count of Wire Fraud)

The Grand Jury further charges:

44.   From at least in or about October 2011 up to and including in or about April 2012, in the Southern District of New York and elsewhere, LI FANGWEI, a/k/a "Li Fang Wei," a/k/a "Fangwei Li," a/k/a "Karl Lee," a/k/a "David Li," a/k/a "Sunny Bai," a/k/a "F.W. Li," a/k/a "Patric," a/k/a "Song Dahai," a/k/a "Charles Lee," a/k/a "Charles Li," a/k/a "Li Wei," a/k/a "KL," the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and

promises, to wit, a scheme in which LI FANGWEI used the MTTO Industry & Trade Limited front company to collect approximately $128,978.28 in United States currency in payments from the U.S. Company in connection with two separate sales contracts, in contravention of IEEPA and the WMD Sanctions Regulations imposed against him, by concealing the true nature of his involvement in the transaction from both the U.S. Company and United States regulators, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, from October 2011 through April 2012, LI FANGWEI caused the U.S. Company to send at least five separate electronic wire transfers of funds through financial institutions located in the Southern District of New York and elsewhere in the United States.

(Title 18, United States Code, Sections 1343 and 2.)

## FIRST FORFEITURE ALLEGATION

45.   As the result of committing the IEEPA offenses in violation of Title 50, United States Code, Sections 1701 to 1706, alleged in Counts One through Three of this Indictment, and the wire fraud offenses in violation of Title 18, United States Code, Sections 1343 and 1349, alleged in Counts Five and Six of this Indictment, LI FANGWEI, a/k/a "Li Fang Wei," a/k/a "Fangwei Li," a/k/a "Karl Lee,"

a/k/a "David Li," a/k/a "Sunny Bai," a/k/a "F.W. Li," a/k/a "Patric,"
a/k/a "Song Dahai," a/k/a "Charles Lee," a/k/a "Charles Li," a/k/a
"Li Wei," a/k/a "KL," the defendant, shall forfeit to the United
States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461,
all property, real and personal, that constitutes or is derived from
proceeds traceable to the commission of the offenses, including but
not limited to the following:

        a.    At least $8.5 million in United States currency,
in that such sum in aggregate is property representing the amount
of proceeds obtained as a result of the offenses.

Substitute Assets Provision

        46.   If any of the property described above as being
subject to forfeiture, as a result of any act or omission of the
defendant:

        a.    cannot be located upon the exercise of due
diligence;

        b.    has been transferred or sold to, or
deposited with, a third party;

        c.    has been placed beyond the jurisdiction of the
court;

        d.    has been substantially diminished in
value; or

e.   has been commingled with other

property which cannot be divided

without difficulty;

it is the intention of the United States, pursuant to Title 21, United

States Code, Section 853(p), to seek forfeiture of any other property

of the defendant up to the value of the forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

**SECOND FORFEITURE ALLEGATION**

47.   As the result of committing the money laundering

offense in violation of Title 18, United States Code, Section 1956,

alleged in Count Four of this Indictment, LI FANGWEI, a/k/a "Li Fang

Wei," a/k/a "Fangwei Li," a/k/a "Karl Lee," a/k/a "David Li," a/k/a

"Sunny Bai," a/k/a "F.W. Li," a/k/a "Patric," a/k/a "Song Dahai,"

a/k/a "Charles Lee," a/k/a "Charles Li," a/k/a "Li Wei," a/k/a "KL,"

the defendant, shall forfeit to the United States, pursuant to 18

U.S.C. § 982, all property, real and personal, involved in the money

laundering offense and all property traceable to such property,

including but not limited to the following:

a.   At least $8.5 million in United States currency,

in that such sum in aggregate is property which was involved in the

money laundering offense or is traceable to such property.

32

## Substitute Assets Provision

48.   If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third party;

        c.    has been placed beyond the jurisdiction of the court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

(Title 18, United States Code, Section 982.)

### THIRD FORFEITURE ALLEGATION

49.   As the result of committing the wire fraud offense in violation of Title 18, United States Code, Sections 1343 and 2, alleged in Count Seven of this Indictment, LI FANGWEI, a/k/a "Li Fang

Wei," a/k/a "Fangwei Li," a/k/a "Karl Lee," a/k/a "David Li," a/k/a "Sunny Bai," a/k/a "F.W. Li," a/k/a "Patric," a/k/a "Song Dahai," a/k/a "Charles Lee," a/k/a "Charles Li," a/k/a "Li Wei," a/k/a "KL," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited to the following:

       a.   At least $128,978.28 in United States currency, in that such sum in aggregate is property which was involved in the offense charged in Count Seven of this Indictment, or is traceable to such property.

<u>Substitute Assets Provision</u>

     50.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

       a.   cannot be located upon the exercise of due diligence;

       b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the

court;

d.   has been substantially diminished in

value; or

e.   has been commingled with other

property which cannot be divided

without difficulty;

it is the intention of the United States, pursuant to Title 18, United

States Code, Section 982(b), to seek forfeiture of any other property

of the defendant up to the value of the forfeitable property.

(Title 18, United States Code, Section 982.)

_____          _____
FOREPERSON                       PREET BHARARA
                                 United States Attorney

35

EXHIBIT A

| FRONT COMPANY | ADDRESS | APPROXIMATE DATES USED | OFAC DESIGNATED |
|---|---|---|---|
| ABC METALLURGY LIMITED | No. 190 Changjiang Road, Dalian, China | 2008 - 2009 | N/A |
| ABO TRADING CO., LTD | China | 2010 - Present | N/A |
| ANSI METALLURGY INDUSTRY CO., LTD. | No. 100 Zhongshan Road, Dalian, China | 2007 - 2008 | 04/07/2009 |
| ARA STEEL MILLS COMPANY | China | 2010 - Present | N/A |
| BLUE SKY INDUSTRY CORPORATION | N/A | 2007 | 04/07/2009 |
| DALIAN CARBON CO. LTD. | No. 08 F25 Yuexiu Manison, Xigang District, Dalian, China | 2006 - Present | 04/07/2009 |
| DALIAN SUNNY INDUSTRY & TRADE CO., LTD. | No. 210 Bayi Road, Dalian, China | 2007 | 04/07/2009 |
| DALIAN ZENGHUA TRADING CO., LTD. | Dalian, China | 2011 - Present | N/A |
| DALIAN ZHONGCHUANG CHAR-WHITE CO., LTD. | Room 2501 Yuexiu Building, No. 82 Xinkai Road, Dalian, China | 2010 - 2011 | N/A |
| KARAT INDUSTRY CO., LTD. | No. 110 Baiyun St, Dalian, Liaoning, China | 2012 - Present | N/A |

A-1

| FRONT COMPANY | ADDRESS | APPROXIMATE DATES USED | OFAC DESIGNATED |
|---|---|---|---|
| LIAONING INDUSTRY & TRADE CO., LTD. | N/A | 2007 - 2008 | 04/07/2009 |
| LIMMT (DALIAN FTZ) METALLURGY AND MINERALS CO., LTD., | 2501-2508 Yuexiu Mansion, No. 82 Xinkai Road, Dalian, China | 1998 - 2008 | 06/13/2006 |
| LIMMT (DALIAN FTZ) MINMETALS AND METALLURGY CO., LTD. | 2501-2508 Yuexiu Mansion, No. 82 Xinkai Road, Dalian, China | 1998 - 2008 | 06/13/2006 |
| LIMMT (DALIAN) METALLURGY AND MINERALS CO., LTD. | 2501-2508 Yuexiu Mansion, No. 82 Xinkai Road, Dalian, China | 1998 - 2008 | 06/13/2006 |
| LIMMT ECONOMIC AND TRADE COMPANY., LTD. | 2501-2508 Yuexiu Mansion, No. 82 Xinkai Road, Dalian, China | 1998 - 2008 | 06/13/2006 |
| MMN INDUSTRY CORPORATION | 899 Shenhe Road, Shenyang, Liaoning, China | 2010 - Present | N/A |
| MTTO INDUSTRY & TRADE LIMITED | No. 9 Hongji street, Xi Gang District, Dalian City, China | 2011 - Present | N/A |
| SC (DALIAN) INDUSTRY & TRADE CO., LTD. | No. 188 Zhongshan Road, Dalian, China | 2008 | 04/07/2009 |
| SINO METALLURGY AND MINMETALS INDUSTRY CO., LTD. | No. 8 F25 Yuexiu Building Xigang District, Dalian, China | 2007 | 04/07/2009 |
| SINOTECH (DALIAN) CARBON & GRAPHITE MANUFACTURING CORPORATION | 2501-2508 Yuexiu Mansion, No. 82 Xinkai Road, Dalian, China | 2011 - Present | N/A |

A-2

| FRONT COMPANY | ADDRESS | APPROXIMATE DATES USED | OFAC DESIGNATED |
|---|---|---|---|
| SINOTECH INDUSTRY CO., LTD. | No. 190 Changjiang Road, Dalian City, China | 2009 - Present | N/A |
| SUCCESS MOVE LIMITED | No. 1109 Zhongshan Road, Dalian, China | 2011 - Present | N/A |
| SUMMIT INDUSTRY CORPORATION | Xinkai Road, Xigang District, Dalian, China | 2006 - 2009 | N/A |
| TA INDUSTRY CO | China | 2010 - Present | N/A |
| TEREAL INDUSTRY & TRADE LIMITED | No. 9 Hongji street, Xi Gang District, Dalian City, China | 2013 - Present | N/A |
| WEALTHY OCEAN ENTERPRISES LTD. | No 08 F25 Yuexiu Mansion, Xigang District, Dalian, China | 2007 | 04/07/2009 |

A-3

EXHIBIT B

| | Date | Amount | Originator or Beneficiary | Front Company Used | Financial Institution |
|---|---|---|---|---|---|
| 1. | 12/6/2006 | $27,838.54 | Beneficiary | Sunny Minerals Company Limited | Financial Institution-5 |
| 2. | 12/28/2006 | $28,637.25 | Beneficiary | Sunny Minerals Company Limited | Financial Institution-5 |
| 3. | 1/2/2007 | $28,770.00 | Beneficiary | Wealthy Ocean Enterprises LTD | Financial Institution-2 |
| 4. | 1/16/2007 | $136,134.05 | Beneficiary | N/A | Financial Institution-1 |
| 5. | 1/18/2007 | $109,057.91 | Beneficiary | · N/A | Financial Institution-1 |
| 6. | 2/9/2007 | $25,520.11 | Originator | Dalian Sunny Industry and Trade | Financial Institution-4 |
| 7. | 2/23/2007 | $31,050.65 | Beneficiary | Wealthy Ocean Enterprises LTD | Financial Institution-5 |
| 8. | 2/28/2007 | $32,429.25 | Beneficiary | Wealthy Ocean Enterprises Ltd | Financial Institution-3 |
| 9. | 3/9/2007 | $9,595.00 | Beneficiary | Wealthy Ocean Enterprises Ltd | Financial Institution-3 |
| 10. | 3/19/2007 | $31,282.15 | Beneficiary | Wealthy Ocean Enterprises Ltd | Financial Institution-3 |
| 11. | 3/21/2007 | $15,000.00 | Originator | Sino Metallurgy and Minmetals | Financial Institution-1 |
| 12. | 3/23/2007 | $13,872.38 | Beneficiary | Sino Metallurgy and Minmetals | Financial Institution-3 |
| 13. | 3/28/2007 | $1,387.24 | Originator | Sino Metallurgy and Minmetals | Financial Institution-1 |
| 14. | 3/28/2007 | $21,095.00 | Both | Sino Metallurgy and Minmetals (Originator)<br><br>Wealthy Ocean Enterprises Ltd (Beneficiary) | Financial Institution-1 |
| 15. | 3/29/2007 | $65,560.00 | Beneficiary | Sino Metallurgy and Minmetals | Financial Institution-1 |
| 16. | 4/18/2007 | $65,560.00 | Beneficiary | Sino Metallurgy & Minmetals | Financial Institution-1 |
| 17. | 4/18/2007 | $29,110.99 | Beneficiary | Wealthy Ocean Enterprises Ltd | Financial Institution-5 |
| 18. | 4/26/2007 | $28,045.40 | Beneficiary | Wealthy Ocean Enterprises Ltd | Financial Institution-5 |
| 19. | 5/2/2007 | $36,224.50 | Beneficiary | Wealthy Ocean Enterprises Ltd | Financial Institution-3 |

| | Date | Amount | Originator or Beneficiary | Front Company Used | Financial Institution |
|---|---|---|---|---|---|
| 20. | 5/9/2007 | $78,870.00 | Beneficiary | Sino Metallurgy and Minmetals | Financial Institution-1 |
| 21. | 5/22/2007 | $7,221.50 | Originator | Sino Metallurgy & Minmetals | Financial Institution-1 |
| 22. | 5/24/2007 | $40,251.35 | Beneficiary | Wealthy Ocean Enterprises Ltd | Financial Institution-3 |
| 23. | 5/29/2007 | $38,564.57 | Beneficiary | Wealthy Ocean Enterprises Ltd | Financial Institution-3 |
| 24. | 6/22/2007 | $31,283.00 | Beneficiary | Wealthy Ocean Enterprises Ltd | Financial Institution-3 |
| 25. | 6/26/2007 | $28,494.20 | Beneficiary | Wealthy Ocean Enterprises Ltd | Financial Institution-5 |
| 26. | 7/2/2007 | $118,106.59 | Beneficiary | Wealthy Ocean Enterprises | Financial Institution-1 |
| 27. | 7/2/2007 | $24,137.28 | Beneficiary | Wealthy Ocean Enterprises | Financial Institution-3 |
| 28. | 7/5/2007 | $28,494.20 | Beneficiary | Wealthy Ocean Enterprises Ltd | Financial Institution-5 |
| 29. | 7/17/2007 | $202,630.00 | Beneficiary | Sino Metallurgy and Minmetals | Financial Institution-1 |
| 30. | 7/17/2007 | $26,277.82 | Beneficiary | Wealthy Ocean Enterprises Ltd | Financial Institution-3 |
| 31. | 7/30/2007 | $48,107.47 | Beneficiary | Wealthy Ocean Enterprises Ltd | Financial Institution-3 |
| 32. | 7/31/2007 | $29,295.47 | Beneficiary | Sino Metallurgy and Minmetals | Financial Institution-3 |
| 33. | 8/6/2007 | $9,027.29 | Originator | Wealthy Ocean Enterprises Ltd | Financial Institution-1 |
| 34. | 8/6/2007 | $32,200.00 | Originator | Wealthy Ocean Enterprises Ltd | Financial Institution-1 |
| 35. | 8/7/2007 | $50,522.94 | Originator | Wealthy Ocean Enterprises Ltd | Financial Institution-1 |
| 36. | 8/8/2007 | $222,900.00 | Beneficiary | Sino Metallurgy and Minmetals | Financial Institution-1 |
| 37. | 8/10/2007 | $82,919.02 | Beneficiary | Wealthy Ocean Enterprises Ltd | Financial Institution-3 |
| 38. | 8/13/2007 | $83,750.00 | Originator | Wealthy Ocean Enterprises Ltd | Financial Institution-1 |
| 39. | 8/15/2007 | $24,414.24 | Originator | Sino Metallurgy and Minmetals | Financial Institution-1 |
| 40. | 8/28/2007 | $71,647.20 | Originator | Wealthy Ocean Enterprises Ltd | Financial Institution-1 |
| 41. | 8/29/2007 | $13,872.37 | Beneficiary | Sino Metallurgy and Minmetals | Financial Institution-3 |

| | Date | Amount | Originator or Beneficiary | Front Company Used | Financial Institution |
|---|---|---|---|---|---|
| 42. | 8/29/2007 | $4,452.00 | Originator | Sino Metallurgy and Minmetals | Financial Institution-4 |
| 43. | 9/6/2007 | $30,623.35 | Beneficiary | Sino Metallurgy and Minmetals | Financial Institution-6 |
| 44. | 9/14/2007 | $29,662.38 | Beneficiary | Wealthy Ocean Enterprises Ltd | Financial Institution-3 |
| 45. | 10/3/2007 | $92,532.00 | Beneficiary | Ansi Metallurgy Industry Co Ltd | Financial Institution-1 |
| 46. | 10/3/2007 | $33,340.62 | Beneficiary | Ansi Metallurgy Industry Co Ltd | Financial Institution-3 |
| 47. | 10/24/2007 | $30,594.55 | Beneficiary | Blue Sky Industry Corporation | Financial Institution-2 |
| 48. | 10/30/2007 | $32,035.95 | Beneficiary | Ansi Metallurgy Industry Co Ltd | Financial Institution-3 |
| 49. | 11/5/2007 | $46,928.20 | Beneficiary | Ansi Metallurgy Industry Co Ltd | Financial Institution-3 |
| 50. | 11/7/2007 | $30,070.66 | Beneficiary | Ansi Metallurgy Industry Co Ltd | Financial Institution-3 |
| 51. | 11/29/2007 | $50,400.00 | Originator | ABC Metallurgy Limited | Financial Institution-1 |
| 52. | 12/4/2007 | $9,235.20 | Beneficiary | Ansi Metallurgy Industry Co Ltd | Financial Institution-3 |
| 53. | 12/20/2007 | $34,749.60 | Beneficiary | Ansi Metallurgy Industry Co Ltd | Financial Institution-3 |
| 54. | 1/11/2008 | $31,649.31 | Beneficiary | Ansi Metallurgy Industry Co Ltd | Financial Institution-3 |
| 55. | 1/18/2008 | $32,194.78 | Beneficiary | Ansi Metallurgy Industry Co Ltd | Financial Institution-3 |
| 56. | 2/27/2008 | $25,560.00 | Originator | Summit Industry Corp | Financial Institution-4 |
| 57. | 3/6/2008 | $29,912.99 | Beneficiary | Ansi Metallurgy Industry Co Ltd | Financial Institution-3 |
| 58. | 3/19/2008 | $34,830.76 | Beneficiary | Ansi Metallurgy Industry Co Ltd | Financial Institution-3 |
| 59. | 4/2/2008 | $39,672.76 | Beneficiary | Ansi Metallurgy Industry Co Ltd | Financial Institution-3 |
| 60. | 4/8/2008 | $12,329.91 | Beneficiary | Ansi Metallurgy Industry Co Ltd | Financial Institution-3 |
| 61. | 4/10/2008 | $41,920.60 | Beneficiary | Ansi Metallurgy Industry Co Ltd | Financial Institution-3 |
| 62. | 4/25/2008 | $38,186.23 | Beneficiary | Ansi Metallurgy Industry Co Ltd | Financial Institution-3 |
| 63. | 5/2/2008 | $29,520.00 | Beneficiary | Ansi Metallurgy Industry Co Ltd | Financial Institution-3 |

B-3

| | Date | Amount | Originator or Beneficiary | Front Company Used | Financial Institution |
|---|---|---|---|---|---|
| 64. | 5/28/2008 | $30,812.45 | Beneficiary | Ansi Metallurgy Industry Co Ltd | Financial Institution-3 |
| 65. | 6/16/2008 | $33,197.01 | Beneficiary | Ansi Metallurgy Industry Co Ltd | Financial Institution-3 |
| 66. | 7/16/2008 | $45,350.81 | Beneficiary | Ansi Metallurgy Industry Co Ltd | Financial Institution-3 |
| 67. | 7/31/2008 | $8,039.90 | Originator | ABC Metallurgy Limited | Financial Institution-1 |
| 68. | 7/31/2008 | $91,554.32 | Originator | ABC Metallurgy Limited | Financial Institution-1 |
| 69. | 8/7/2008 | $45,333.82 | Beneficiary | ABC Metallurgy Limited | Financial Institution-3 |
| 70. | 8/28/2008 | $43,500.00 | Beneficiary | ABC Metallurgy Limited | Financial Institution-1 |
| 71. | 9/19/2008 | $2,175.00 | Originator | Summit Industry Corporation | Financial Institution-1 |
| 72. | 9/26/2008 | $59,121.37 | Beneficiary | ABC Metallurgy Limited | Financial Institution-3 |
| 73. | 11/17/2008 | $135,056.64 | Beneficiary | ABC Metallurgy Limited | Financial Institution-3 |
| 74. | 1/8/2009 | $67,445.30 | Beneficiary | Summit Industry Corporation | Financial Institution-1 |
| 75. | 1/14/2009 | $68,964.90 | Beneficiary | Summit Industry Corporation | Financial Institution-1 |
| 76. | 1/14/2009 | $116,211.10 | Beneficiary | ABC Metallurgy Limited | Financial Institution-3 |
| 77. | 1/20/2009 | $34,814.80 | Beneficiary | ABC Metallurgy Limited | Financial Institution-3 |
| 78. | 4/2/2009 | $52,443.63 | Beneficiary | ABC Metallurgy Limited | Financial Institution-3 |
| 79. | 4/28/2009 | $52,496.64 | Beneficiary | Sinotech Industry Co., Ltd. | Financial Institution-3 |
| 80. | 6/8/2009 | $99,617.50 | Beneficiary | Sinotech Industry Co | Financial Institution-3 |
| 81. | 6/22/2009 | $12,093.80 | Beneficiary | Sinotech Industry Co., Ltd. | Financial Institution-1 |
| 82. | 10/30/2009 | $56,857.08 | Beneficiary | Sinotech Industry Co | Financial Institution-3 |
| 83. | 11/7/2009 | $47,517.50 | Beneficiary | Sinotech Industry Co., Ltd. | Financial Institution-1 |
| 84. | 12/2/2009 | $44,224.03 | Beneficiary | Sinotech Industry Co | Financial Institution-3 |
| 85. | 3/3/2010 | $48,004.08 | Beneficiary | Sinotech Industry Co | Financial Institution-3 |

| | Date | Amount | Originator or Beneficiary | Front Company Used | Financial Institution |
|---|---|---|---|---|---|
| 86. | 3/17/2010 | $46,069.65 | Beneficiary | Sinotech Industry Co | Financial Institution-3 |
| 87. | 3/29/2010 | $42,785.10 | Beneficiary | Sinotech Industry Co | Financial Institution-3 |
| 88. | 8/9/2010 | $31,914.00 | Beneficiary | Sinotech Industry Co., Ltd. | Financial Institution-4 |
| 89. | 8/19/2010 | $53,096.15 | Beneficiary | Sinotech Industry Co., Ltd. | Financial Institution-2 |
| 90. | 9/8/2010 | $47,688.21 | Beneficiary | Sinotech Industry Co | Financial Institution-3 |
| 91. | 12/8/2010 | $56,413.70 | Beneficiary | Sinotech Industry Co., Ltd. | Financial Institution-2 |
| 92. | 12/8/2010 | $33,465.00 | Beneficiary | Sinotech Industry Co | Financial Institution-3 |
| 93. | 2/7/2011 | $55,605.00 | Beneficiary | Sinotech Industry Co., Ltd. | Financial Institution-1 |
| 94. | 3/1/2011 | $500.00 | Originator | Success Move Limited | Financial Institution-1 |
| 95. | 3/7/2011 | $16,062.50 | Originator | Success Move Limited | Financial Institution-1 |
| 96. | 5/11/2011 | $2,580.00 | Originator | Success Move Limited | Financial Institution-1 |
| 97. | 6/1/2011 | $52,941.41 | Beneficiary | Sinotech Industry Co | Financial Institution-3 |
| 98. | 7/25/2011 | $63,573.06 | Beneficiary | Success Move Limited | Financial Institution-2 |
| 99. | 7/26/2011 | $60,725.00 | Beneficiary | Success Move | Financial Institution-3 |
| 100. | 8/25/2011 | $52,401.91 | Beneficiary | Success Move Limited | Financial Institution-2 |
| 101. | 10/11/2011 | $8,440.00 | Beneficiary | MTTO Industry and Trade Ltd | Financial Institution-6 |
| 102. | 12/19/2011 | $4,328.00 | Beneficiary | MTTO Industry and Trade Ltd | Financial Institution-6 |
| 103. | 12/27/2011 | $60,100.00 | Beneficiary | Success Move | Financial Institution-3 |
| 104. | 12/28/2011 | $1,840.00 | Originator | Success Move Limited | Financial Institution-2 |
| 105. | 12/29/2011 | $33,456.50 | Originator | Success Move Limited | Financial Institution-2 |
| 106. | 1/9/2012 | $500.00 | Originator | Success Move Limited | Financial Institution-2 |
| 107. | 1/12/2012 | $32,677.00 | Beneficiary | MTTO Industry and Trade Limited | Financial Institution-1 |

B-5

| | Date | Amount | Originator or Beneficiary | Front Company Used | Financial Institution |
|---|---|---|---|---|---|
| 108. | 1/17/2012 | $2,760.00 | Originator | Success Move Limited | Financial Institution-1 |
| 109. | 1/17/2012 | $142.00 | Beneficiary | MTTO Industry and Trade Limited | Financial Institution-2 |
| 110. | 1/17/2012 | $2,760.00 | Originator | Success Move Limited | Financial Institution-1 |
| 111. | 1/31/2012 | $100.00 | Beneficiary | MTTO Industry and Trade Ltd | Financial Institution-2 |
| 112. | 2/9/2012 | $71,374.18 | Beneficiary | MTTO Industry and Trade Ltd | Financial Institution-6 |
| 113. | 2/16/2012 | $34,644.27 | Beneficiary | Karat Industry Co | Financial Institution-3 |
| 114. | 3/6/2012 | $228,909.30 | Beneficiary | Success Move | Financial Institution-3 |
| 115. | 3/19/2012 | $34,201.32 | Beneficiary | MTTO Industry and Trade Ltd | Financial Institution-6 |
| 116. | 4/24/2012 | $10,634.78 | Beneficiary | MTTO Industry and Trade Ltd | Financial Institution-6 |
| 117. | 9/12/2012 | $49,610.07 | Beneficiary | Success Move | Financial Institution-3 |
| 118. | 10/1/2012 | $973.00 | Beneficiary | MTTO Industry and Trade Ltd | Financial Institution-2 |
| 119. | 11/23/2012 | $9,980.00 | Beneficiary | MTTO Industry and Trade Limited | Financial Institution-1 |
| 120. | 02/19/2013 | $400,000.00 | Beneficiary | Tereal Industry and Trade Limited | Financial Institution-7 |
| 121. | 3/15/2013 | $16,330.00 | Beneficiary | Karat Industry Co | Financial Institution-3 |
| 122. | 5/17/2013 | $488.00 | Both | Success Move Limited (Beneficiary)<br><br>Tereal Industry & Trade Limited (Originator) | Financial Institution-1 |
| 123. | 5/23/2013 | $28,988.00 | Both | Success Move Limited (Beneficiary)<br><br>Tereal Industry & Trade Limited (Originator) | Financial Institution-1 |
| 124. | 5/29/2013 | $28,910.00 | Originator | Success Move Limited | Financial Institution-2 |

B-6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

- v -

LI FANGWEI,
    a/k/a "Li Fang Wei,"
    a/k/a "Fangwei Li,"
    a/k/a "Karl Lee,"
    a/k/a "David Li,"
    a/k/a "Sunny Bai,"
    a/k/a "F.W. Li,"
    a/k/a "Patric,"
    a/k/a "Song Dahai,"
    a/k/a "Charles Lee,"
    a/k/a "Charles Li,"
    a/k/a "Li Wei,"
    a/k/a "KL,"

                    **Defendant.**

**SEALED SUPERSEDING**
**INDICTMENT**

S1 14 Cr. 144

(Title 18, United States Code, Sections 2,
1343, 1344, 1349, 1956, 1957; Title 50,
United States Code Sections 1705(a) and
(c); Title 31, Code of Federal Regulations,
Parts 544.201, 544.205, 560.203, 560.204.)

                    PREET BHARARA
           United States Attorney.

       **A TRUE BILL**

                    Foreperson.

4/28/14
ac _ Filed Sealed Superseding Indictment in the Court
W issued -
              Judge Peck
              USMJ